REQUESTED BY: Dear Senator Cullan:
You have asked for our opinion on whether or not LB 285, Eighty-sixth Legislature, first session, 1979, applies to the tax levy authorized for rural or suburban fire protection districts under section 35-514.02, R.S.Supp. 1978. That section of the statutes authorizes rural fire protection districts to provide ambulance services and for such purposes to:
 ". . . pay the cost for such service out of available funds, or may levy a tax for the purpose of providing necessary ambulance service, which levy shall be in addition to any other tax for such fire protection district and shall be in addition to restrictions on the levy of taxes provided by statute; . . ."
You ask whether or not the limitations contained in LB 285 apply to a fire district in this circumstance. For purposes of your letter, we assume from your first sentence that you are anticipating legislation with regard to the authority of rural fire protection districts to initiate and raise revenue for the payment of the cost of ambulance services, although it is not explicitly set out in your letter. We have arrived at this conclusion because you have stated that it pertains to the drafting of emergency medical services legislation. For that reason, we proceed to answer your question.
The Political Subdivision Budget Limitation Act of 1979, section 77-3412 through 77-3430, R.S.Supp., 1979, generally limits political subdivisions to an increase in their budget of not more than seven percent in any one year. The section authorizing the levy of a tax for the provision of ambulance services provides that such tax levy may exceed that generally authorized for a rural fire protection district. Section 35-509, R.S.Supp., 1978, authorizes such a district to levy a tax of up to one mill or in certain circumstances, not to exceed two mills after a majority vote by the eligible voters, and three mills under certain other circumstances. It is our opinion that section 35-514.02 authorizes a tax levy in excess of the limitations contained in 35-509.
The only portions of LB 285 which would be applicable to the situation you describe is section 77-3426. That section provides:
 "Any political subdivision that is authorized by state law to levy a tax or cause a tax to be levied, which tax or portion thereof is in addition to the tax such political subdivision is authorized to levy or cause to be levied on May 17, 1979, shall not include as a receipt from local tax sources the anticipated receipts from such newly authorized levy during the first fiscal year for which such newly authorized levy generates tax receipts, but thereafter the receipts from such newly authorized tax shall be included in determining receipts from local tax sources. . . ."
The authority granted in section 35-514.02 was effective as of April 20, 1978; thus, well in advance of the date provided for in section 77-3426. It is, therefore, our opinion that the limitations of LB 285, sections 77-3412 through77-3430 are applicable as a limitation upon the authority granted under section 35-514.02.